**Opinion issued April 9, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-14-00503-CR**

_____

**OMAR SANTANA ORTIZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10CR3184**

## MEMORANDUM OPINION

Appellant, Omar Santana Ortiz, pleaded guilty to the third-degree felony offense of intoxicated assault with a vehicle. *See* TEX. PENAL CODE ANN. § 49.07 (West 2011). Pursuant to a plea bargain, the trial court assessed appellant's

punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ") and ordered him to pay restitution. The trial court suspended sentence of confinement, and placed appellant on community supervision for a period of ten years.

The State subsequently filed a motion to revoke appellant's community supervision. Appellant pleaded not true to all seven alleged violations of the terms of his community supervision. After a hearing, the trial court found all seven allegations to be true, revoked appellant's community supervision, and sentenced him to ten years in TDCJ and ordered him to pay restitution. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant

2

reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Thomas A. Martin must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* Tex. R. App. P. 6.5(c).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).